UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SHEILA ALLGOOD, ET AL.** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 06-3506** |
| | * | |
| **GLAXOSMITHKLINE PLC** | * | **SECTION "L"(5)** |

## ORDER & REASONS

Before the Court is the Motion for Reconsideration as to the assessment of court costs filed by Plaintiffs Sheila Allgood, Francis P. Powell and Robin P. May (Rec. Doc. No. 136). For the following reasons the motion is GRANTED so that the court costs assigned to the Plaintiff are reduced.

I.   BACKGROUND

The Plaintiffs, Sheila Allgood, Francis P. Powell and Robin P. May, are the sole heirs of Jake Palermo. Mr. Palermo suffered from cancer and depression. He was prescribed the drug Paxil for his depression in April 2003. Paxil is manufactured and marketed by the Defendant GlaxoSmithKline. The Plaintiffs alleged that the drug causes suicidal tendencies, which ultimately resulted in Mr. Palermo fatally shooting himself on April 14, 2003 at the age of 76. The Plaintiffs filed this survival/wrongful death action in state court under theories of products liability and negligence, relying on Louisiana's Products Liability Act. The Defendant removed the case on July 5, 2006.

On February 20, 2008, the Court granted summary judgment to the Defendant on two

1

independent grounds: first, that under the learned intermediary doctrine the Defendant had discharged its duty as to the Plaintiffs by adequately warning the prescribing physician of any dangers of harm from the drug; and second, that under the doctrine of judicial estoppel the Plaintiffs were precluded from arguing that Paxil was a proximate cause of their father's suicide because, in a separate case in state court, they had previously argued that his exposure to asbestos was the sole cause.

Pursuant to Rule 54 of the Federal Rules of Civil Procedure, the Court awarded the Defendant costs and referred the calculation of costs to the Clerk of Court. On March 25, 2008, the Clerk of Court awarded the Defendant $15,075.43.

## II.  PRESENT MOTION

On May 5, 2008, Plaintiffs filed a Motion for Reconsideration (Rec. Doc. 136) which adopted all arguments presented in their Objections and Response to Defendants' Bill of Costs (Rec. Doc. 128) asking that the Court waive costs taxed against the Plaintiffs, or alternately, reduce costs. Plaintiffs assert that the Court has discretion to deny costs, and that this Court should deny all costs because the Plaintiffs brought the action in good faith, because a significant economic disparity exists between the parties, because the legal issues involved in the underlying case were difficult, and because the matter concerned a significant public interest. Alternately, Plaintiffs assert that Defendants' costs are unreasonable and should be reduced.

Defendants assert that Plaintiffs are prevented from filing a Motion for Reconsideration because such a motion should be filed as a Motion to Alter or Amend the Judgment within ten days of the judgment pursuant to Federal Rules of Civil Procedure 59. Therefore, Defendants assert that the only issue before the Court is the amount of costs to be taxed against Plaintiffs.

2

Defendants assert that all costs are reasonable and should remain at the amount of $15,075.43.

**III. LAW & ANALYSIS**

A Motion for Reconsideration is evaluated under the rules pertaining to a Rule 59(e) Motion to Alter or Amend a Judgment. *See Holcomb v. Standard Fire Ins. Co.*, No. 07-9757, 2009 WL 1940863, at *2 (E.D. La. July 02, 2009). Motions for Reconsideration brought after ten (10) days from when the judgment was entered are reviewed pursuant to the provisions of Rule 60(b). *Id*. Rule 60 provides that,

> [o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or *excusable neglect*; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) *any other reason that justifies relief*."

Fed. R. Civ. P. 60(b) (emphasis added).

In the instant case, Defendant asserts that the Court should only consider whether the amount of costs taxed are reasonable, as Plaintiffs failed to file their Motion for Reconsideration within ten days of when judgment was entered. This argument is unavailing, as Rule 60 allows the Court to consider such motions that were not timely filed pursuant to Rule 59, provided the Court finds that Plaintiffs failed to timely file their motion for one of the reasons allowed by Rule 60, outlined above. After judgment was entered on February 25, 2008, Plaintiffs did not have information regarding the amount of costs until Defendant filed its Bill of Costs (Rec. Doc. 125) on March 25, 2008. Plaintiffs filed an objection to the Defendant's costs shortly thereafter, on April 9, 2008, as Plaintiffs' appeal to the United States Fifth Circuit Court of Appeals was

ongoing. Since Plaintiffs raised objections in a timely manner once they were aware of the amount of Defendant's costs, their delay in filing the instant motion was excusable, and this Court will consider all of Plaintiffs' arguments.

Federal Rule of Civil Procedure 54(d) states that costs should be awarded to the prevailing party, unless a court directs otherwise. Fed. R. Civ. P. 54(d)(1). Despite this presumption, the district court has some discretion in determining whether to award or reduce costs to the prevailing party. *See Energy Mgmt. Corp. v. City of Shreveport*, 467 F.3d 471, 483 (5th Cir. 2006); *see also Three-Seventy Leasing Corp. v. Ampex Corp.*, 528 F.2d 993, 999 (5th Cir. 1976) ("Rule 54(d) . . . gives [the district court] discretion to order that each party bear part or all of its own costs."); *Provenza v. State Farm Fire and Cas. Co.*, No. 06-7319, 2008 WL 4938451, at *2 (E.D. La. Nov. 17, 2008) ("Rule 54(d)(1) does provide the district court with the descretion to deny or reduce the costs awarded to the prevailing party."). If a court declines to award costs to the prevailing party, it must state reasons for doing so. *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985).

While the good faith of the losing party can be considered in the decision, it cannot be the sole reason for declining to award costs to the prevailing party. *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006). In addition to good faith, at least one of the following factors must be present in order to reduce or deny costs to the prevailing party: "(1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources." *Id*. at 794.

District courts within the Fifth Circuit have previously declined to award costs to a

4

manufacturer of anti-depressant medication that prevailed in a court action.  *See Ebel v. Eli Lilly and Co.*, No. 04-194, 2008 WL 4361237, at *1 (S.D. Tex. Sept. 22, 2008).  In *Ebel*, plaintiff brought suit against the defendant, a pharmaceutical company that manufactured Zyprexa, alleging that the drug caused the decedent to commit suicide.  *Id*.  Defendant prevailed in the action, but in determining whether or not to award costs to the Defendant, the court stated, "Plaintiff pursued this claim with good faith and Defendant has enormous financial resources.  Plaintiff initiated this suit in good faith; it was neither frivolous, unreasonable, nor without foundation.  Moreover, Defendant Eli Lilly & Company's net income was almost three billion dollars in 2007."  *Id.* Accordingly, the Court denied the Defendant's motion for costs.

There is no doubt that the Plaintiffs in this case, like those in *Ebel*, acted in good faith when they filed this lawsuit.  Further, several *Pachecho* factors weigh in favor of a reduction in the award of costs in the instant case.  First the legal issues involved, most notably the learned intermediary doctrine, are indeed complex.  Additionally, Plaintiffs cite to Defendant's financial report to show that Defendant recorded billions of dollars in sales in 2007, sufficient to demonstrate that, like the defendant in *Ebel*, GlaxoSmithKline possesses "enormous financial resources."  Finally, the instant lawsuit was publicly beneficial.  Drug manufacturers carry a significant responsibility to make products that are both effective and safe, and complaints brought in good faith not only serve to alert the public to potential dangers in the products they are using, but also heighten the vigilance and safety standards of pharmaceutical companies.

Considering the good faith of the Plaintiffs and the presence of a number of the *Pacheco* factors, the Court finds that a reduction of costs to the prevailing party is appropriate in this case.  However, the Court is mindful of the fact that a presumption exists in favor of awarding costs to

the prevailing party. Additionally, there does not appear to be any bad faith conduct on the part of the Defendant in this case. Accordingly, the Court finds that denying all costs in this case would be too much. Therefore, given the good faith of Plaintiffs and the economic disparity of the parties, among other factors, this Court finds that it is appropriate to exercise its discretion and finds that Plaintiffs should bear half of Defendant's costs.

## IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Defendants' Motion for Reconsideration (Rec. Doc. No. 136) IS GRANTED. Plaintiffs are hereby taxed costs of $7,537.72.

New Orleans, Louisiana, this 24th day of August, 2009.

_____
UNITED STATES DISTRICT JUDGE